UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| Gabriel Emanuel Foxworth, | ) | Crim. No.: | 4:15-cr-00341-RBH-1 |
| | ) | Civ. No.: | 4:17-cv-00601-RBH |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | **ORDER** | |
| | ) | | |
| United States of America, | ) | | |
| | ) | | |
| Respondent. | ) | | |

This matter is before the Court on Petitioner Gabriel Emanuel Foxworth's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See* ECF No. 62. The Court denies the motion for the reasons herein.

## **Background**

On October 26, 2015, Petitioner, represented by counsel, pleaded guilty pursuant to a written plea agreement to the following charges: (1) possession with intent to distribute a quantity of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D); and (2) possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). *See* ECF Nos. 43, 45, & 46. In the plea agreement, Petitioner and the Government stipulated to a sentence of 156 months' (thirteen years') imprisonment pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). *See* ECF No. 43 at ¶ 14.

On February 25, 2016, the Court accepted the stipulated sentence and sentenced Petitioner to 156 months' imprisonment, followed by a term of supervised release of five years. *See* ECF Nos. 53, 56, & 74. Judgment was entered on February 26, 2016. *See* ECF No. 56. Petitioner did not appeal the judgment.

1

On February 26, 2017,[1] Petitioner filed the instant pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See* ECF No. 62. On March 23, 2017, plea counsel (Henry Anderson, Jr.) filed a response addressing his representation of Petitioner. *See* ECF No. 69. On April 27, 2017, the Government filed a response in opposition and a Motion to Dismiss/Motion for Summary Judgment. *See* ECF Nos. 76 & 77. Petitioner did not file a reply to the Government's response.

## Summary Judgment Standard

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Reyazuddin v. Montgomery Cty., Md.*, 789 F.3d 407, 413 (4th Cir. 2015); *see* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party, *Reyazuddin*, 789 F.3d at 413, but the Court "cannot weigh the evidence or make credibility determinations." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015).

Moreover, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). "A

---

[1] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988) (stating a prisoner's pleading is deemed filed at the moment of delivery to prison authorities for forwarding to district court).

2

dispute of material fact is 'genuine' if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party." *Seastrunk v. United States*, 25 F. Supp. 3d 812, 814 (D.S.C. 2014). A fact is "material" if proof of its existence or nonexistence would affect disposition of the case under the applicable law. *Anderson*, 477 U.S. at 248.

At the summary judgment stage, "the moving party must demonstrate the absence of a genuine issue of material fact. Once the moving party has met his burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874–75 (4th Cir. 1992) (internal citation omitted). Summary judgment is not warranted unless, "from the totality of the evidence, including pleadings, depositions, answers to interrogatories, and affidavits, the [C]ourt believes no genuine issue of material fact exists for trial and the moving party is entitled to judgment as a matter of law." *Whiteman v. Chesapeake Appalachia, L.L.C.*, 729 F.3d 381, 385 (4th Cir. 2013); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

## **Applicable Law**

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. For a court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). In deciding a § 2255 motion, the court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings 4(b); *see* 28

U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows the petitioner is not entitled to relief).

"Generally, an evidentiary hearing is required under 28 U.S.C. § 2255 unless it is clear from the pleadings, files, and records that a movant is not entitled to relief." *United States v. Robinson*, 238 F. App'x 954, 954–55 (4th Cir. 2007) (citing *United States v. Witherspoon*, 231 F.3d 923, 925–26 (4th Cir. 2000)). An evidentiary hearing "is required when a movant presents a colorable Sixth Amendment claim showing disputed material facts and a credibility determination is necessary to resolve the issue." *United States v. Coon*, 205 F. App'x 972, 973 (4th Cir. 2006) (citing *Witherspoon*, 231 F.3d at 925–27).

A guilty plea is a solemn, judicial admission of the truth of the charges against an individual; thus, a criminal defendant's right to contest the validity of such a plea is usually foreclosed. *See Blackledge v. Allison,* 431 U.S. 63, 74 (1977). "If an appropriately conducted Rule 11 proceeding is to serve a meaningful function, on which the criminal justice system can rely, it must be recognized to raise a strong presumption that the plea is final and binding." *United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992). Regarding an ineffective assistance of counsel claim presented after entry of a guilty plea, the defendant's statements made under oath at the plea hearing, affirming satisfaction with counsel's representation, are binding on the defendant, absent clear and convincing evidence to the contrary. *United States v. Lemaster,* 403 F.3d 216, 221–22 (4th Cir. 2005).

## **Discussion**

Petitioner states a single ground for relief in his § 2255 motion, alleging plea counsel was constitutionally ineffective. *See* ECF No. 62 at pp. 7–8. In short, Petitioner appears to allege plea counsel could have successfully bargained for a lower stipulated sentence ("at least . . . eleven years") than the one Petitioner actually received (thirteen years). *Id.*

4

Claims of ineffective assistance of counsel must be reviewed under the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). A habeas petitioner must first show counsel's performance was deficient and fell below an objective standard of reasonableness. *Id.* at 687–88. Second, the petitioner must show prejudice, meaning "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. The *Strickland* test applies to challenges to guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985). "

"The representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Id.* at 74. "[I]n the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" *Lemaster*, 403 F.3d at 221 (internal citations omitted). "[T]he truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *Id.* at 222.

At the plea hearing, the Court placed Petitioner under oath and engaged in a colloquy with him, questioning him about plea counsel's performance and the plea agreement. *See* ECF No. 73. Petitioner

5

informed the Court that he was satisfied with plea counsel's advice and representation and believed plea counsel had done everything he could or should have done. *Id.* at 10–15, 32. The Government summarized the plea agreement, and Petitioner informed the Court that he had read the agreement, reviewed it with plea counsel, signed and understood it, and agreed to it freely and voluntarily. *Id.* at 41–42. The Court specifically asked Petitioner about the 156-month stipulated sentence in Paragraph 14 of the plea agreement, and Petitioner stated he had fully discussed that paragraph with his attorney and agreed to it freely and voluntarily. *Id.* at 42. Thereafter, the Government summarized the facts relating to Petitioner's two offenses; and Petitioner stated he agreed with that summary, was in fact guilty of both offenses, and wanted to plead guilty. *Id.* at 44–45. The Court then accepted Petitioner's plea, finding it knowing and voluntary.[2] *Id.* at 45–46.

In light of Petitioner's sworn testimony confirming his satisfaction with plea counsel and his understanding of—and agreement to—the 156-month stipulated sentence, Petitioner's contrary allegations in his § 2255 motion are "'palpably incredible' and 'patently frivolous or false.'" *Lemaster*, 403 F.3d at 221. Thus, he cannot show plea counsel was ineffective for failing to negotiate a lower sentence.[3] The Court will dismiss Petitioner's § 2255 motion.

## **Certificate of Appealability**

A certificate of appealability will not issue absent "a substantial showing of the denial of a

---

[2] As indicated above, the Court accepted Petitioner's Rule 11(c)(1)(C) stipulated sentence at the sentencing hearing. *See* ECF No. 74 at 3–4.

[3] The Court also notes that at the sentencing hearing, plea counsel stated, "I tried my best to get [case agents] to agree to a lesser sentence in this case," but "unfortunately" they would not agree to anything lower. ECF No. 74 at 5–6. This statement supports a finding that counsel's performance was not deficient.
 Moreover, the presentence investigation report indicated Petitioner's advisory Guidelines range was 262 to 327 months' imprisonment. *See* ECF No. 55. Petitioner's 156-month stipulated sentence was far below this range, and thus Petitioner fails to show how plea counsel's procurement of this stipulated sentence fell below an objective standard of reasonableness.

constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

## Conclusion

For the foregoing reasons, the Court **GRANTS** Respondent's Motion to Dismiss/Motion for Summary Judgment [ECF No. 76] and **DENIES AND DISMISSES WITH PREJUDICE** Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [ECF No. 62]. The Court **DENIES** a certificate of appealability at this time because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Florence, South Carolina  s/ R. Bryan Harwell
August 3, 2017  R. Bryan Harwell
 United States District Judge